IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EFO ENERGY INC., et al.**, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-0667-L** |
| | § | |
| **DAN LAIN, Liquidating Trustee, and BLUFF POWER PARTNERS, LP,** | § | |
| | § | |
| | § | |
| Appellees. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Appellants EFO Energy, Inc., ES Energy Solutions, LP, EFO Holdings L.P., EFO Genpar, Inc., McCommas LFG Processing Management, LLC, and McCommas Landfill Management, LLC's (collectively, "ES Group" or "Appellant"[*]) appeal of the bankruptcy court's September 24, 2008 Order on the ES Group's Amen[d]ed Motion for Reconsideration. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's decision.

## I. Procedural and Factual Background

This bankruptcy appeal arises from the bankruptcy proceedings regarding Debtors McCommas Landfill Partners, LP and McCommas LFG Processing Partners, LP ("Debtors" or "McCommas Partnerships"). The Debtors filed Chapter 11 bankruptcy petitions, which were jointly administered. On November 29, 2007, the bankruptcy court confirmed a Plan of Liquidation (the

[*]Although there are six entities that appeal the bankruptcy court's order, the parties collectively define them as "ES Group" or "Appellant." The court will also use the singular form of "Appellant," but notes that this term as defined includes all six entities appealing the bankruptcy court's order.

"Plan"), and on November 30, 2007, a Trust Agreement was executed to facilitate implementation of the Plan (collectively, the "Plan Documents").

The parties agree that almost of all the bankruptcy claims were resolved by the Liquidating Trustee, Appellee Dan Lain ("Liquidating Trustee" or "Lain"), pursuant to the Plan and Trust Agreement. The remaining claims involved equity interest holders ES Group and Appellee Bluff Power Partners, LP ("Bluff"). The Liquidating Trustee moved the bankruptcy court for an order assigning the remaining claims to Bluff and ES Group. On July 9, 2008, the bankruptcy court held a hearing to consider the motion and heard argument from the parties and testimony from Lain. At the hearing, the bankruptcy court orally granted the motion. It filed its written order granting the motion on August 18, 2008 (the "Assignment Order").

After the hearing but before the Assignment Order was filed, Appellant sought reconsideration of the bankruptcy court's decision by sending a letter brief to the court on August 6, 2008. It subsequently filed a motion to reconsider the Assignment Order on September 2, 2008. The bankruptcy court denied the motion to reconsider on September 24, 2008.

Appellant filed its notice of appeal and sought appeal of the bankruptcy court's September 24, 2008 order on its motion to reconsider. It is clear from its brief that it appeals both the August 18, 2008 Assignment Order and the September 24, 2008 order. Both Appellees have raised some procedural concerns regarding this appeal, but both substantively responded to Appellant's arguments regarding the Assignment Order. Accordingly, the court considers Appellant's challenges to both orders.

## II. Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *See Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.*), 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000).

## III. Analysis

Appellant raises several issues on appeal. Appellant contends that the bankruptcy court abused its discretion when it allowed the Liquidating Trustee to assign the Estates' claims. It argues that the court erred because the express language of the Plan Documents limits the powers of the Liquidating Trustee and does not permit assignment of claims. It further contends that the court erred because it failed to make the requisite findings of facts and conclusions of law to effectuate a sale or compromise of the claims. Appellant argues that the court violated section 1127(b) of the Bankruptcy Code by ignoring the terms of the Plan Documents and that it modified them without hearing or notice. It contends that the court violated the rights of equity interest holders when it assigned the claims and, finally, it argues that it erred when it assigned some, but not all, of the remaining claims.

Appellee Lain moves to dismiss this appeal because Appellant's brief was untimely. He argues that the bankruptcy court's denial of Appellant's motion to reconsider was not clearly erroneous. He further argues that the Assignment Order was not clearly erroneous. Appellee Bluff also argues that the bankruptcy court did not err when it entered the Assignment Order. It further

argues that the assignment was not a sale or compromise, and that the court did not violate section 1127(b), negatively impact the equity interest holders, or err by partially assigning the claims.

**A. Procedural Issues**

**1. Timeliness**

The court first addresses Bluff's argument that the court should dismiss the appeal because Appellant's brief was untimely. On April 13, 2009, the clerk of this court sent a letter to the court stating that the appeal was entered on its docket on that date and directing the parties to Local Bankruptcy Rule 8009.1. The letter specifically stated that the "time for serving and filing" Appellant's brief ran from April 13, 2009. At that time, Local Bankruptcy Rule 8009.1 required that Appellant file its brief "within 20 days after entry of the appeal on the docket pursuant to" Rule 8007 of the Federal Rules of Bankruptcy Procedure. Accordingly, Appellant's brief was due on May 4, 2009. Appellant's brief was not filed, however, until May 14, 2009.

Bluff is therefore correct – Appellant's brief was untimely. Prior to filing its brief, however, Appellant moved the court to supplement the record, and it filed its brief within ten days of the deadline. Both Lain and Bluff have had an opportunity to respond to Appellant's arguments. Accordingly, the court determines that, although Appellant's brief was untimely, it will not dismiss the appeal. There is no legal prejudice to Lain or Bluff because they have had an opportunity to fully respond to Appellant's arguments.

**2. Notice of Appeal**

Next, the court considers Bluff's argument that Appellant has only appealed the bankruptcy court's September 24, 2008 order denying its motion to reconsider and that the original Assignment Order is not before the court. It contends that Appellant's appeal raises only the narrow question of

whether the bankruptcy court erred pursuant to the legal standard set forth in Rule 59 of the Federal Rules of Civil Procedure.

Appellant concedes that its Notice of Appeal refers only to the September 24, 2008 order, but argues that its designation of record, statement of issues, and brief raise issues with that order and the Assignment Order. It cites *Foman v. Davis*, 371 U.S. 178 (1962), in support of its response.

Appellant's brief and statement of issues raise issues relating to both the Assignment Order and the bankruptcy court's order denying the motion to reconsider. Both Lain and Bluff have made substantive arguments in response relating to both orders. In *Foman*, the Court held that despite a defect in a notice of appeal, where the appellant was not misled or prejudiced and had the opportunity to brief and respond to arguments, it would consider the substantive arguments raised by appellant. 371 U.S. at 181-82. The court decides that in light of *Foman*, and the lack of any legal prejudice to Appellees, it will consider the issues relating to the Assignment Order and the September 24, 2008 order raised by Appellant's brief even though its notice of appeal refers only to the September 24, 2008 order. 372 U.S. at 229-30.

**B. Assignment under Plan Documents**

The court now turns to the crux of this appeal: whether the Liquidating Trustee had the power to assign the claims to ES Group and Bluff and whether the bankruptcy court erred in granting the Assignment Order. Appellant argues that the Plan Documents limit the Liquidating Trustee's ability to assign claims and that he could only "prosecute, settle, release, or abandon" such claims. Appellees respond that the Plan Documents give the Liquidating Trustee broad powers, including the power to assign claims.

Appellant argues – and Appellees agree – that the Plan Documents are binding upon the parties as contracts. It argues that under these contracts, the specific language relating to the litigation claims in section 2.3 of the Trust Agreement should control over a more general statement of the Liquidating Trustee's powers in section 4.4. Appellant cites *Silver Spur Addition Homeowners v. Clarksville Senior Apartments*, 848 S.W.2d 772, 775 (Tex. Civ. App. – Texarkana 1993, writ denied), in support of this contention. Because Appellant contends that the more limited provision controls, it argues that there has been no showing that the claims should have been abandoned by the Liquidating Trustee.

Appellees Lain and Bluff filed separate briefs, but they make substantially the same argument with respect to Appellant's contention that section 2.3 controls and limits the Liquidating Trustee's ability to assign claims. They contend that the Plan Documents give the Liquidating Trustee the ability to assign claims. They point out that section 4.4(e) of the Trust Agreement gives the Liquidating Trustee the power to "manage, liquidate, sell, assign, transfer, or deal in any other matter with the Trust Assets or any part thereof or any interest therein . . . ." The term "Trust Assets" is broadly defined as:

> all property, rights and privileges conveyed, assigned or otherwise transferred to the Trust or succeeded to by the Trust, including the "Trust Assets" under the Plan, plus all Trust Cash and any other payment deposited or required to be deposited with the Liquidating Trustee and any investments of such amounts.

Trust Agreement § 1.1(i). Appellees contend that the Liquidating Trustee exercised his best business judgment and that assignment of the litigation claims to Appellant and Bluff was the most cost-effective approach. They argue that the Plan Documents give the Liquidating Trustee broad powers that include the ability to assign claims.

Appellees also dispute that section 2.3 limits the Liquidating Trustee's powers to assign the claims at issue. They contend that this language is a statement of the purpose of the Trust but dispute that it is an express limitation of the Liquidating Trustee's powers. They argue that it is not a more specific provision that controls because section 2.3 does not refer to the powers of the Liquidating Trustee. Appellees argue that the grant of power to the Liquidating Trustee is found in section 4.4, which includes the right to assign claims. They further argue that both sections 2.3 and 4.4 are nonexclusive lists and should not be construed to limit the Liquidating Trustee's authority.

The court has carefully reviewed the Trust Agreement, the parties' arguments, and the cited authorities. It determines that reading the agreement as a whole, the Liquidating Trustee's powers are set forth in section 4.4, and that section 2.3 does not limit his powers. It is clear that section 2.3 is not a grant of power to the Liquidating Trustee. Section 2.3 is titled "Powers of the Trust," and includes a nonexclusive list of the "purposes of the Trust." Among these is to:

> prosecute, settle, release, or abandon Third Party Claims (as defined in the Plan) and other causes of action transferred and assigned to the Trust under the Plan as Trust Assets and to distribute the proceeds of any recoveries thereon in accordance with the terms of the Trust pursuant to the Plan.

Trust Agreement § 2.3(d). Article 4 of the Trust Agreement is titled "Powers of Liquidating Trustee." Section 4.4 sets forth "Other Powers of the Liquidating Trustee" and states: "In connection with the management and use of the Trust Assets and administration of the Trust, the Liquidating Trustee's powers, except as otherwise expressly limited in this Trust Agreement or the Plan, shall include, but not be limited to the following . . . ." *Id.* § 4.4. Included in this list is: "To manage, liquidate, sell, assign, transfer, or deal in any other manner with the Trust Assets or any part thereof or any interest therein." *Id.* § 4.4(e).

The court concludes that section 2.3 is not an express limitation on the Liquidating Trustee's powers. Unlike *Silver Spur*, which included two restrictive covenants, the sections at issue here are, on the one hand, a broad statement about the purpose of the Trust and, on the other hand, a more specific statement delineating the Liquidating Trustee's powers. The court does not consider the statement about one of the purposes of the Trust to be a more specific limitation on the Trustee's broad powers. Accordingly, the court determines that the bankruptcy court's order assigning the claims to Bluff and ES Group was not inconsistent with the Plan Documents and did not exceed the Liquidating Trustee's powers.

**C. Other Arguments**

**1. Abuse of Discretion**

Appellant argues that the bankruptcy court abused its discretion when it approved a Plan of Liquidation but then refused to address core matters and assigned the litigation claims. Appellees do not specifically address this argument.

To the extent that Appellant is appealing the bankruptcy court's approval of the Plan of Liquidation, the court finds that this appeal is not timely because the Plan was confirmed by the bankruptcy court on November 29, 2007. Moreover, this argument appears to be in tension with Appellant's argument that the Plan Documents created a new contract that is binding on the parties. The court has found that the Plan Documents bind the parties and the bankruptcy court's decision to assign the claims to ES Group and Bluff did not violate them. The court determines that this argument is not a basis for reversing the bankruptcy court's decision to assign the claims.

**2. Modification of Plan Documents**

Next, Appellant argues that the bankruptcy court erred by modifying the Plan Documents without notice or hearing and therefore violated section 1127(b) of the Bankruptcy Code. As the court has already determined that the Plan Documents permit the assignment of claims by the Liquidating Trustee, it finds that the bankruptcy court did not modify the Plan Documents and there is therefore no violation of section 1127(b).

**3. Sale or Compromise of Estate Assets**

Appellant argues that the assignment of the claims does not meet the standards of the Bankruptcy Code and violates Rule 9019 of the Federal Rules of Bankruptcy Procedure. It argues that the bankruptcy court must independently evaluate the sale or compromise of claims. Lain argues that there is no sale or compromise of claims by the court's assignment of the claims. He also argues that even if section 363(b) of the Bankruptcy Code applies, the bankruptcy court gives great deference to the trustee's exercise of business judgment. He also contends that Rule 9019 does not apply because the assignment of claims is not a sale or compromise. He argues that even if the rule does apply, the bankruptcy court did not err because the assignment was in the best interest of the Estates.

The court determines that the assignment of claims is not a sale or compromise pursuant to either section 363(b) of the Bankruptcy Code or Rule 9019 of the bankruptcy rules. Rule 9019 clearly contemplates a settlement or compromise. In this case, the court assigned the claims without deciding or settling them. Section 363(b), by its terms, relates to the "use, [sale], or lease" or property of the estate. 11 U.S.C. § 363(b)(1). Moreover, the court finds that even if this rule or statute applies, the bankruptcy court did not err. The record contains the testimony of the

Liquidating Trustee who opined that the assignment was, for the Estates, the most efficient and cost-effective approach. Accordingly, the court determines that the bankruptcy court did not violate Rule 9019 or section 363(b) by assigning the claims.

**4. Equity Interest Holders**

ES Group next argues that the Assignment Order violates the rights of equity interest holders because the bankruptcy court falsely assumed that value of the Estates' claims and equity interests held by ES Group and Bluff is equal. It argues that it is entitled to a priority return of $4.2 million and indemnification of at least $1.5 million, and that any division of proceeds between ES Group and Bluff can occur only after its priority return is paid.

Appellees argue that the Assignment Order actually benefits the Estates because it allows the claims to be resolved by the interested parties without additional attorney's fees or costs to be borne by the Estates. Lain contends that he attempted to settle the claims between ES Group and Bluff but that he was unable to, and that further litigation would burden the Estates. He also argues that the Assignment Order does not affect the Plan Documents or change ES Group's equity interest in the Estates and recognizes Appellant's rights under the bankruptcy code. He contends that the Assignment Order does not decrease the value of the Estates and ultimately will save money for the Estates.

The court agrees with Appellees and finds that the Assignment Order benefits the Estates and does not deprive ES Group of its equity interest. The Assignment Order does not change the Plan Documents, it simply assigns the claims between the two relevant parties to them to be resolved without the Estates' intervention. The bankruptcy court's assignment does not change the value of

the Estates and is in the best interest of the Estates. Accordingly, this is not a ground to reverse the bankruptcy court's decision.

### 5. Partial Assignment

Finally, Appellant argues that the bankruptcy court erred by only partially assigning the Estates' claims. Lain contends that this partial assignment is due in part to Appellant's failure to participate in the drafting of the Assignment Order. He also contends that he was not required to assign all of the Estates' claims under the Plan Documents.

The court finds that the bankruptcy court's failure to assign all of the claims does not violate the Plan Documents. It determines that this is not a ground to support a finding that the bankruptcy court should be reversed.

## IV. Conclusion

For the reasons stated herein, the court **affirms** the bankruptcy court's August 18, 2008 Assignment Order and September 24, 2008 order. Appellant's appeal is hereby **dismissed**. Pursuant to Bankruptcy Rule 8016, the clerk of the court is directed to prepare, sign, and enter judgment upon receipt of and in accordance with this memorandum opinion and order. All reasonable and allowable costs are to be taxed against Appellant.

**It is so ordered** this 23rd day of March, 2010.

Sam A. Lindsay
United States District Judge